RANDAL M. BARNUM, SBN: 111287
ELIZABETH J. BOCA, SBN: 255719
LAW OFFICES OF RANDAL M. BARNUM
279 East H Street
Benicia, CA 94510
Telephone: (707) 745-3747
Facsimile: (707) 745-4580
Email: rmblaw@pacbell.net

Attorney for Plaintiff
Richard Irwin

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

RICHARD IRWIN

        Plaintiff,

v.

COINSTAR, INC.
and Does 1 through 50, inclusive,

        Defendants.
_____/

NO.   2:08-CV-01255-GGH

STIPULATION TO FILE AN AMENDMENT TO PLAINTIFF'S COMPLAINT AND TO CONTINUE DISCOVERY CUTOFF AND TRIAL DATE AND ORDER

The following is hereby stipulated by and between the parties hereto through their respective attorneys of record:

    1.    That Plaintiff may file the amendment Plaintiff's Complaint, a copy of which is attached hereto. The amendment contains new allegations and causes of action pertaining to violations of the California Labor Code and wage and hour laws.  The parties agree that good cause exists to continue the discovery deadlines and allow the parties adequate time to conduct discovery regarding the new claims. Defendant's stipulation to allow Plaintiff to amend his complaint is contingent upon to Court granting the continuance identified in Paragraph 2, below.

    2.    That all deadlines on the Court's November 24, 2009 Scheduling Order, other

than the July 29, 2009 Settlement Conference and the deadline to disclose experts and rebuttal experts, be extended 90 days. The July 29, 2009 Settlement Conference will remain on calendar as scheduled. The parties have already disclosed experts and rebuttal experts. The following are the proposed new dates:

a. The parties may conduct discovery until September 23, 2009. Motions to compel discovery are to be noticed to be heard by September 9, 2009.

b. Expert reports shall be disclosed by August 31, 2009. Rebuttal expert reports shall be disclosed by September 14, 2009.

c. All pretrial motions, except motions to compel discovery, shall be completed on or before November 4, 2009.

d. Pretrial conference shall be scheduled for December 14, 2009 or as soon thereafter.

e. This matter shall be scheduled for trial at least 90 days from the current trial date of October 19, 2009. The parties are available for trial on the following dates:

- February 1, 2010
- February 22, 2010

Dated: June 3, 2009                     Law Offices of Randal M. Barnum

                                        By:      /s/
                                        Elizabeth J. Boca, Attorney for
                                        Plaintiff, Richard Irwin

Dated: June 3, 2009                     Littler Mendelson

                                        By: :      /s/
                                        Michael W. Warren
                                        Attorneys for Defendant, Coinstar, Inc.

///

///

**ORDER**

Good cause appearing therefor and pursuant to the parties' stipulation, the Court orders as follows:

    a.    The parties may conduct discovery until September 23, 2009. Motions to compel discovery are to be noticed to be heard by September 9, 2009.

    b.    Expert reports shall be disclosed by August 31, 2009. Rebuttal expert reports shall be disclosed by September 14, 2009.

    c.    All pretrial motions, except motions to compel discovery, shall be completed on or before November 4, 2009.

    d.    The Pretrial Conference is now set for December 14, 2009, at 9:00 a.m.

    e.    This matter is now set for jury trial on February 22, 2010, at 9:00 a.m.

    f.  Generally, an amended complaint must be complete in and of itself.  However, because the attached amended complaint clearly identifies itself as containing additional claims only, and because the parties are in agreement to its filing, the proposed (incomplete) amended complaint may be filed no later than June 16, 2009.  The operative complaint in this action therefore will contain the original complaint and this filed amendment.  Defendant shall re-answer the operative complaint in its entirety within twenty-one (21) days so as to alleviate any confusion on the matter.

**IT IS SO ORDERED.**

Dated: June 11, 2009

/s/ Gregory G. Hollows
_____
Gregory G. Hollows
United States Magistrate Judge

RANDAL M. BARNUM, SBN: 111287
ELIZABETH J. BOCA, SBN: 255719
LAW OFFICES OF RANDAL M. BARNUM
279 East H Street
Benicia, CA 94510
Telephone: (707) 745-3747
Facsimile:  (707) 745-4580
Email: rmblaw@pacbell.net

Attorney for Plaintiff
Richard Irwin

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

RICHARD IRWIN  NO.   2:08-CV-01255-GGH

       Plaintiff,

v.

COINSTAR, INC.
and Does 1 through 50,
inclusive,

       Defendants.
_____/

AMENDMENT TO PLAINTIFF'S COMPLAINT

PLAINTIFF RICHARD IRWIN hereby amends his Complaint in the above-referenced action by adding the following causes of action:

### THIRD CAUSE OF ACTION
### ( Wages, Overtime Wages Owed, and Penalties)

28.    Plaintiff hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 27 in Plaintiff's Complaint as though set forth in full herein.

29.    During Plaintiff's employment with Defendant, Plaintiff's position and job duties rendered him a nonexempt employee to whom the California State wage and hour laws and wage orders applied. Specifically, during the year 2007, Plaintiff was required to perform

the duties of a Field Service Representative. The duties Plaintiff performed as a Field Service Representative were nonexempt duties. The position of a Field Service Representative is a nonexempt position. In 2007, Plaintiff did not devote more than 50% of his time at work to exempt job functions. During this time period, Plaintiff worked in excess of eight (8) hours per day, often six (6) days per week. However, throughout Plaintiff's employment, Plaintiff was paid a salary, regardless of the numbers of hours Plaintiff actually worked. Accordingly, Plaintiff performed work for Defendant for which he was not compensated. Plaintiff was not paid premium pay for overtime as required by law.

30. At all times during Plaintiff's employment with Defendant there was in effect California Labor Code § 510 which requires that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

31. Plaintiff regularly worked hours for which he was not paid and was not paid the premium overtime rate for overtime hours works for which Plaintiff is entitled to bring this civil action to enforce his rights to unpaid wages and overtime. Based on Plaintiff's non-exempt employment status, Plaintiff is entitled to unpaid wages and overtime wages earned during Plaintiff's employment for the 3 year period prior to the commencement of this action.

32. Pursuant to Labor Code § 201 Defendant was required to pay Plaintiff all wages owed immediately after his termination, however, Defendant failed to do so. Based on Defendant's willful failure to pay Plaintiff's wages and overtime wages due, Plaintiff is entitled to an additional thirty days pay as a penalty against Defendant pursuant to California Labor Code § 203, in an amount according to proof.

33. Plaintiff also requests an award of reasonable costs and attorney's fees incurred in this action pursuant to Labor Code §§ 218.5 and 1194 to enforce Plaintiff's right

1 | for payment of regular and overtime wages, in an amount according to proof.

2 |     34.    Plaintiff is also entitled to and requests interest on the unpaid wages owed pursuant to Labor Code § 218.6 in an amount according to proof.

    WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**(Failure to Provide Rest Periods)**

    35.    Plaintiff hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 34 in Plaintiff's Complaint and above as though set forth in full herein.

    36.    As stated above, in 2007, Plaintiff did not devote more than 50% of his time at work to exempt job functions. During this time period Plaintiff's position and job duties rendered him a nonexempt employee to whom the California State wage and hour laws and wage orders applied. Due to the work load placed on Plaintiff during this time period, Plaintiff was often denied rest periods as required by Industrial Welfare Commission Wage Orders and the California Labor Code.

    37.    At all times during Plaintiff's employment with Defendant there was in effect Industrial Welfare Commission Wage Orders No. 4-2001 §12 (8 Cal. Code Regs. 11040 §12) and Ca. Labor Code 226.7.

    38.    Industrial Welfare Commission Wage Orders No. 4-2001 §12 (8 Cal. Code Regs. 11040 §12) provides,

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday at the rest period is not provided.

    39.    Labor Code Section 226.7 provides, "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.  (b) If an employer fails to provide an employee a meal

AMENDMENT TO PLAINTIFF'S COMPLAINT     −6−

1  period or rest period in accordance with an applicable order of the Industrial Welfare
2  Commission, the employer shall pay the employee one additional hour of pay at the
3  employee's regular rate of compensation for each work day that the meal or rest period is not
4  provided."

5    40.   During Plaintiff's employment, Plaintiff did not receive rest periods as
6  required by law. Based on Plaintiff's non-exempt employment status, Plaintiff is entitled to
7  and requests one (1) hour of pay at his regular rate of compensation for each workday the
8  rest period was not provided pursuant to Industrial Welfare Commission Wage Orders No.
9  4-2001 §12 (8 Cal. Code Regs. 11040 §12) and Labor Code Section 226.7.

10   41.   Pursuant to Labor Code § 201 Defendant was required to pay Plaintiff all
11 wages owed immediately after his termination, however, Defendant failed to do so. Based
12 on Defendant's willful failure to pay Plaintiff's wages due, Plaintiff is entitled to an
13 additional thirty days pay as a penalty against Defendant pursuant to California Labor Code
14 § 203, in an amount according to proof.

15   42.   Plaintiff also requests an award of reasonable costs and attorney's fees
16 incurred in this action pursuant to Labor Code § 218.5 to enforce Plaintiff's right for payment
17 of wages, in an amount according to proof.

18   43.   Plaintiff is also entitled to and requests interest on the unpaid wages owed
19 pursuant to Labor Code § 218.6 in an amount according to proof.

20   WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Meal Periods)**

23   44.   Plaintiff hereby realleges and incorporates herein by reference the allegations
24 of Paragraphs 1 through 43 in Plaintiff's Complaint and above as though set forth in full
25 herein.

26   45.   As stated above, in 2007, Plaintiff did not devote more than 50% of his time
27 at work to exempt job functions. During this time period Plaintiff's position and job duties
28 rendered him a nonexempt employee to whom the California State wage and hour laws and

wage orders applied. Due to the work load placed on Plaintiff during this time period, Plaintiff was often denied meal periods as required by Industrial Welfare Commission Wage Orders and the California Labor Code.

46. At all times during Plaintiff's employment with Defendant there was in effect Industrial Welfare Commission Wage Orders No. 4-2001 §11 (8 Cal. Code Regs. 11040 §11) and Labor Code Sections 512 and 226.7.

47. Industrial Welfare Commission Wage Orders No. 4-2001 §11 (8 Cal. Code Regs. 11040 §11) provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the an on-the-job paid meal period is agreed to.... (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday at the meal period is not provided. (C) In all places of employment where employees are requires to eat on the premises, a suitable place for that purpose shall be designated.

48. Labor Code Section 512 provides:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49. Labor Code Section 226.7 provides, "(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.   (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the

employee's regular rate of compensation for each work day that the meal or rest period is not provided."

50. During Plaintiff's employment, Plaintiff was not provided duty-free meal periods as required by law. Based on Plaintiff's non-exempt employment status, Plaintiff is entitled to and requests one (1) hour of pay at his regular rate of compensation for each workday Plaintiff was not provided the duty-free meal period(s) to which he was entitled pursuant to Industrial Welfare Commission Wage Orders No. 4-2001 §11 (8 Cal. Code Regs. 11040 §11) and Labor Code Section 226.7.

51. Pursuant to Labor Code § 201 Defendant was required to pay Plaintiff all wages owed immediately after his termination, however, Defendant failed to do so. Based on Defendant's willful failure to pay Plaintiff's wages due, Plaintiff is entitled to an additional thirty days pay as a penalty against Defendant pursuant to California Labor Code § 203, in an amount according to proof.

52. Plaintiff also requests an award of reasonable costs and attorney's fees incurred in this action pursuant to Labor Code § 218.5 to enforce Plaintiff's right for payment of wages, in an amount according to proof.

53. Plaintiff is also entitled to and requests interest on the unpaid wages owed pursuant to Labor Code § 218.6 in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**(Violation of Labor Code Section 226**
**for Failure to Provide Accurate Itemized Statements)**

54. Plaintiff hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 53 in Plaintiff's Complaint and above as though set forth in full herein.

55. As stated above, in 2007, Plaintiff did not devote more than 50% of his time at work to exempt job functions. During this time period Plaintiff's position and job duties rendered him a nonexempt employee to whom the California State wage and hour laws and wage orders applied.

56. Labor Code Section 226(a) requires that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft or voucher paying the employee's wages... an accurate itemized statement in writing showing... (2) total hours worked by the employee... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

57. Plaintiff was paid a salary throughout his employment. The number of hours Plaintiff worked per pay period and the applicable hourly rate(s) were never identified on Plaintiff's paychecks. As such, Defendant failed to comply with Labor Code Section 226(a) by failing to state the total hours Plaintiff worked, the applicable hourly rates, and the corresponding number of hours worked at each hourly rate.

58. Labor Code Section 226(e) provides, "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Defendant knowingly and intentionally failed to comply with Labor Code 226(a) and, as a result, Plaintiff suffered injury.

59. Plaintiff requests penalties and attorney's fees pursuant to Labor Code Section 226(e) for Defendant's violation of Labor Code Section 226(a) in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**(Unlawful Business Practices Under**
**Business and Professions Code §17200 *et. seq.*)**

60. Plaintiff hereby realleges and incorporates herein by reference the allegations of Paragraphs 1 through 59 in Plaintiff's Complaint and above as though set forth in full herein..

1   61.   By violating the foregoing statutes and regulation, the acts of Defendant constitutes unfair and unlawful employment and business practices under Business and Professions Code §17200, *et. seq*.

2   62.   Defendant's violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

3   63.   Business and Professions Code §17200 provides for disgorgement of illegally-obtained profits. *See* Irwin v Mascot (2000) 112 F.Supp. 2d 937, 955.

4   64.   From 2007 through the filing of this action, Plaintiff has suffered damages and requests damages and restitution of all monies and profits to be disgorged from Defendant in an amount according to proof at time of trial.

Plaintiff also hereby amends his Complaint by adding the following to the prayer for relief:

8.   For wages in amounts according to proof;

9.   For wages and penalties due to missed rest periods in amounts according to proof;

10.  For wages and penalties due to missed meal periods in amounts according to proof;

11.  For Labor Code Section 226(e) penalties in an amount according to proof;

12.  For Labor Code § 203 waiting penalties in amounts according to proof;

13.  For attorney's fees and costs incurred in amounts according to proof;

14.  For prejudgment interest;

15.  For all other applicable penalties; and

16.  For restitution of monies due Plaintiff and disgorgement of profits from Defendant's unlawful business practices.

Dated: June ___, 2009                     Law Offices of Randal M. Barnum

                                          By: _____
                                          Elizabeth J. Boca, Attorney for
                                          Plaintiff, Richard Irwin